# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER LEE LOUGHRY, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14-cv-01021-TWP-TAB ) |
| DAVID CAMPBELL, U.S.M.S.(Supervisor), | ) ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

The plaintiff alleges in his complaint that he was told by Henderson County jail staff that his legal paperwork had been given to United States Marshal Supervisor David Campbell on March 11, 2013, when the plaintiff was transferred from the Kentucky jail to the federal prison in Petersburg, Virginia. The plaintiff wrote to Mr. Campbell several times asking about his paperwork but received no response. The plaintiff alleges that the paperwork contained information that he believes would have resulted in a different outcome in his direct appeal. He alleges that his right to due process was violated because his legal paperwork did not follow him to prison. He seeks $5 million in money damages and the return of his legal paperwork.

The Court screened the complaint and construed the plaintiff's claim as one of denial of access to the courts. He was given an opportunity to identify a legal injury, in other words, any nonfrivolous claim he was not able to assert on direct appeal because of the lack of his legal materials. *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights ...."). *See also In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012) (for a denial of access claim, a plaintiff

must allege a resulting actual injury, meaning that "some action by the [defendant] has frustrated or is impeding an attempt to bring a nonfrivolous claim."). The Court takes judicial notice that the plaintiff's conviction in 1:08-cr-0132-SEB-TAB-5 was affirmed on appeal on December 18, 2013, by the Seventh Circuit in *United States v. Loughry,* 738 F.3d 166 (7th Cir. 2013).

After the Court directed the plaintiff three times to supplement his complaint, the plaintiff responded by alleging that the papers that he did not have with him in prison were notes taken from trial, questions that he had wanted his attorney to ask of four witnesses, and some items that he could not remember to include in his brief on appeal. The plaintiff alleges that he wanted his attorney to argue on appeal that evidence from his house should not have been shown to the jury and allowed in the deliberation room. He argues he did not want his attorney to represent him on appeal but the appellate court did not allow him to fire the attorney because the attorney wanted to continue handling the case. He does not understand why his attorney wanted to continue to represent him on appeal. The plaintiff contends that with the papers that the defendant failed to provide, the plaintiff would have at least had a chance to fight on appeal for himself instead of leaving it up to the attorney.

The trial was conducted from January 28, through January 31, 2013. The plaintiff was sentenced on February 1, 2013. The notice of appeal was filed on February 21, 2013.

Any dissatisfaction that the plaintiff had with his attorney in terms of questioning witnesses during trial is irrelevant to any loss of records *after* the trial. On appeal, the plaintiff was represented by counsel who was responsible for presenting the case. In fact, counsel *did* raise the argument that the jury should not have been allowed to have certain evidence in the jury room. The Seventh Circuit rejected this claim, holding that the district court did not abuse its discretion in allowing the jury to have in the jury room a red binder of images taken from his home and that

even if such evidence was prejudicial, it was not *unfairly* prejudicial. *Loughry,* 738 F.3d at 170. The plaintiff has not identified any other claim that he could have raised on appeal that would not have been frivolous.

The plaintiff has not shown that the outcome of his appeal would have been different if he had obtained the legal paperwork that was allegedly lost on or around March of 2013. He has alleged no actual injury. Accordingly, having been given ample opportunity to do so, he has failed to state a claim of denial of access to the courts, and the action must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/5/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Roger Lee Loughry, Sr.
#43691-037
Petersburg FCC
Inmate Mail/Parcels
P. O. Box 1000
Petersburg, VA  23804